# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TRENISE BRAXTON,

     Plaintiff,

v.                                                    Case No: 8:24-cv-02522-KKM-CPT

RODERICK FORD,

     Defendant.

_____

## ORDER

    Roderick Ford again seeks to remove this civil action from state family law court to federal court again. Notice of Removal (Doc. 13). Ford argues that his case should be heard in federal court under 28 U.S.C. § 1443. *See id.* at 1, 7–27. Because I lack jurisdiction over the case, remand is appropriate.

    "In relevant part, 28 U.S.C. § 1443(1) permits a defendant in a civil state court action to remove the action to federal district court if the action is against a person who is denied or cannot enforce in the state courts 'a right under any law providing for equal civil rights of citizens of the United States.' " *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting 28 U.S.C. § 1443).

    Ford's basis for removal under § 1443 is that he is being deprived of his property rights under 42 U.S.C. § 1982 by virtue of the state court's unfair final divorce judgment and "an issue that is perhaps of first impression. . . the 'manhood' rights of African American fathers, husbands, and men." Not. of Removal at 16-18, 23.

There is no basis for jurisdiction under § 1443. A cursory citation to § 1982 is not enough, because Ford has not sufficiently shown that he "has been denied or cannot enforce that right in the state courts." *Conley*, 245 F.3d at 1295. Ford asserts generalized grievances that the state court judges are biased, but that alone does not demonstrate that his rights are not enforced in the state courts. *See id.* at 1299 (explaining that "allegedly corrupt or otherwise improper motives of an individual state court judge do not show that" an individual's rights will not be enforced). Thus, remand is warranted because Ford's allegations do not fall within the scope of § 1443.

In a more cursory manner, Ford also seeks to remove a different action, *In re Ford*, 8:16-bk-7504, from Bankruptcy Court under 28 U.S.C. § 1452. But "[r]emoval of cases under § 1452(a) is possible only within '30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed.' " *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 966 n. 17 (11th Cir. 2012) (citing FED. R. BANKR. P. 9027(a)(3)(A)). His case concluded in 2018. Therefore, he is barred from attempting to remove it.

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 4, 2024.

Kathryn Kimball Mizelle
United States District Judge